UNITED STATES DISTRCIT COURT

SOUTHERN DISTRCIT OF FLORIDA

Robert A. Pietz

Plaintiff,

v.

The Florida Bar, and

The Florida Board of Bar Examiners

Defendant.

Case No.: [_____]

FILED BY _____ D.C.

OCT 21 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF WITH SUPPORTING MEMORANDUM OF LAW**

**I. Introduction**

**1. Parties**

1.) Plaintiff: Robert A. Pietz is an individual residing in the State of Florida (5937 NW 56th pl, Tamarac FL 33319) who seeks to engage in the practice of law without being subjected to the mandatory admission requirements imposed by the Florida Bar.

2.) Defendants: a.) The Florida Bar: an official arm of the Supreme Court of Florida, vested with the authority to regulate and license attorneys within the state pursuant to the Rules Regulating the Florida Bar. b.) The Florida Board of Bar Examiners: An administrative agency of the

21 Supreme Court of Florida, responsible for overseeing the bar admissions process, including the
22 administration of the bar exam and evaluation of applicants' educational and character
23 qualifications.

24

25 **2. Jurisdiction and Venue**

26 a. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the matter
27 arises under the Constitution and laws of the United States, specifically implicating rights
28 secured by the Sixth and Fourteenth Amendments.

29 b. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as the Defendant resides
30 within this district and a substantial part of the events or omissions giving rise to the claim
31 occurred herein.

32 **II. Nature of the Action**

33 3. Plaintiff initiates this civil action seeking declaratory and injunctive relief against the
34 Defendant for the enforcement of mandatory bar admission requirements that infringe
35 upon the Plaintiff's constitutional rights under the Sixth and Fourteenth Amendments to
36 the United States Constitution.

37 4. The impugned mandatory admission requirements unjustly preclude the Plaintiff from
38 practicing law, thereby abridging access to legal representation for the public and
39 infringing upon the fundamental rights of both the Plaintiff and prospective clients.

40

41

### III. Factual Allegations

5. The Florida Bar mandates that individuals fulfill specific educational prerequisites, successfully pass the Florida Bar Examination, and comply with character and fitness evaluations as conditions precedent to obtaining a license to practice law within the jurisdiction of Florida.

6. These stringent requirements encompass, inter alia:

a. Graduation from a law school accredited by the American Bar Association (ABA), as stipulated in the Rules Regulating the Florida Bar.

b. Successful completion of a comprehensive bar examination, testing knowledge of both federal and state law.

c. Submission to an exhaustive character and fitness assessment to determine moral qualifications for admission.

7. Plaintiff possesses substantial legal acumen and experience, acquired through alternative avenues such as rigorous independent study, practical legal experience, and education from legitimate legal experience.

8. Notwithstanding the Plaintiff's demonstrable competence, the mandatory requirements effectively bar the Plaintiff from lawful engagement in the practice of law due to:

a. The prohibitive financial burden associated with attending an ABA-accredited law school, which serves as an economic barrier to entry.

b. The paucity of alternative pathways sanctioned by the Defendant to demonstrate legal proficiency and ethical suitability.

9. The Defendant's rigid enforcement of these requirements has precluded the Plaintiff from offering legal services, thereby restricting the public's access to competent legal representation and impeding the administration of justice.

## IV. Claims for Relief

### Count I: Violation of the Sixth Amendment Right to Counsel

10. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 9 as though fully stated herein.

11. The Sixth Amendment to the United States Constitution guarantees the right to the assistance of counsel, embodying the fundamental principle that individuals are entitled to effective legal representation in proceedings that may substantially affect their rights.

12. While the Sixth Amendment is explicitly applicable to criminal prosecutions, the jurisprudential underpinnings of the right to counsel advocate for its extension to critical civil matters where fundamental rights and liberties are at stake.

13. The Defendant's stringent licensing regime unduly restricts the availability of legal representatives by imposing unnecessary barriers to entry, thereby hindering individuals' ability to secure counsel of their choice and undermining the efficacy of the right to counsel.

14. Such monopolization of legal services by the Defendant inhibits competent individuals like the Plaintiff from providing legal assistance, thus infringing upon the constitutional rights of both the Plaintiff and potential clients seeking representation.

15. In Gideon v. Wainwright, 372 U.S. 335 (1963), the Supreme Court underscored the indispensable role of accessible legal services in ensuring justice, affirming that competent legal assistance is fundamental to the protection of constitutional rights, a principle that resonates beyond the confines of criminal law.

**Count II: Violation of the Fourteenth Amendment Equal Protection Clause**

16. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 9, and also 12 through 14 as though fully stated herein.

17. The Equal Protection Clause of the Fourteenth Amendment mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws," thereby prohibiting discriminatory practices that arbitrarily disadvantage certain groups.

18. The Defendant's mandatory licensing requirements engender arbitrary and unjustifiable classifications predicated upon factors such as financial capacity and formal educational background, which are not necessarily indicative of an individual's legal competence or ethical disposition.

19. These classifications disproportionately impact economically disadvantaged individuals and marginalized communities, both among those aspiring to enter the legal profession and those in need of legal services, thereby exacerbating existing social and economic inequalities.

104  20. The Defendant's requirements lack a rational basis and are not narrowly tailored to serve
105     a compelling state interest, as they exclude competent individuals without legitimate
106     justification, particularly when less restrictive alternatives are available to ensure
107     professional competence and ethical practice.

108  21. In Schware v. Board of Bar Examiners, 353 U.S. 232 (1957), the Supreme Court held that
109     a state cannot exclude a person from the practice of law in a manner that contravenes due
110     process or equal protection, emphasizing that admission standards must be rationally
111     related to an applicant's fitness to practice law.

112 **V. Supporting Memorandum of Law**

113 **A. Legal Standard**

114 When state-imposed regulations impinge upon fundamental constitutional rights or involve
115 suspect classifications, such regulations are subject to strict judicial scrutiny. Under this rigorous
116 standard, the state bears the burden of demonstrating that the regulation is narrowly tailored to
117 further a compelling governmental interest. Even under a rational basis review, the regulation
118 must exhibit a reasonable relation to a legitimate governmental purpose to withstand
119 constitutional muster.

120 **B. Argument**

121 **1. The Sixth Amendment Right to Counsel Extends to Critical Civil Proceedings**

122 **a. Expansive Jurisprudential Interpretation**

123 While the Sixth Amendment expressly guarantees the right to counsel in criminal prosecutions,
124 the Supreme Court has recognized the essential role of legal representation in safeguarding

fundamental rights in various contexts. In Powell v. Alabama, 287 U.S. 45 (1932), the Court acknowledged that the right to counsel is fundamental to a fair trial where the defendant's life or liberty is at stake, setting a precedent for broader application in cases involving substantial rights.

**b. Undue Restriction of Access to Legal Representation**

The Defendant's restrictive licensing framework unduly narrows the pool of available legal practitioners, effectively limiting individuals' ability to obtain counsel of their choice. This contravenes the spirit of the Sixth Amendment by erecting unnecessary obstacles to legal representation, thereby diminishing the constitutional guarantee of effective assistance of counsel.

**c. Public Policy Favoring Accessible Legal Services**

The Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335 (1963), reaffirmed the principle that access to competent legal counsel is a fundamental requisite of justice. Although Gideon pertained to criminal proceedings, the underlying tenet that legal representation is essential to the protection of constitutional rights extends to civil matters of significant consequence.

**2. Violation of the Fourteenth Amendment's Equal Protection Clause**

**a. Arbitrary and Unreasonable Classifications**

The Defendant's licensing requirements create invidious classifications based on educational attainment from ABA-accredited institutions and financial wherewithal to meet such prerequisites. These criteria are not definitive measures of an individual's legal aptitude or ethical

145  standards, rendering the classifications arbitrary and capricious in violation of the Equal
146  Protection Clause.

### b. Disproportionate Impact on Vulnerable Populations

148  In Grutter v. Bollinger, 539 U.S. 306 (2003), the Court acknowledged that policies resulting in
149  disproportionate impacts warrant meticulous scrutiny. The Defendant's mandatory requirements
150  disproportionately burden economically disadvantaged individuals and underrepresented
151  communities, thereby perpetuating systemic inequities within the legal profession and denying
152  equal opportunity.

### c. Absence of a Rational Relationship to Legitimate State Interests

154  The exclusion of competent individuals like the Plaintiff from the legal profession lacks a
155  rational connection to any legitimate state interest. In Schware v. Board of Bar Examiners, 353
156  U.S. 232 (1957), the Court emphasized that a state's admission standards must be rationally
157  related to the applicant's fitness to practice law, and cannot arbitrarily exclude individuals based
158  on criteria unrelated to professional competence.

### d. Precedential Support for Inclusive Admission Practices

160  • Baird v. State Bar of Arizona, 401 U.S. 1 (1971): The Court held that bar admission
161    procedures must not infringe upon constitutional rights, including freedoms protected by
162    the First Amendment, thereby underscoring the necessity for fair and non-discriminatory
163    licensing practices.

- Dunn v. Blumstein, 405 U.S. 330 (1972): The Court invalidated residency requirements that unreasonably restricted the right to vote, illustrating the principle that states cannot impose unnecessary burdens on fundamental rights.

**C. Availability of Less Restrictive Alternatives**

**1. Implementation of Competency-Based Assessments**

The state possesses the means to ensure professional standards through the administration of rigorous competency examinations, independent of stringent educational prerequisites. Such assessments can effectively evaluate an individual's legal knowledge and analytical abilities.

**2. Adoption of Practical Training and Mentorship Programs**

The establishment of supervised practical training and mentorship initiatives would allow individuals to acquire essential legal skills and ethical grounding under the guidance of experienced practitioners, serving as a viable alternative to traditional pathways.

**3. Continuing Legal Education Requirements**

Mandating ongoing legal education for all practitioners ensures that attorneys remain current with legal developments and ethical obligations, thereby safeguarding the public interest without imposing undue entry barriers.

**VI. Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Declare that the mandatory bar admission requirements imposed by the Florida Bar violate the Sixth and Fourteenth Amendments to the United States Constitution.

184  B. Grant permanent injunction prohibiting the Defendant from enforcing the unconstitutional
185  admission requirements against the Plaintiff, and authorize the issuance to the Plaintiff of a
186  license to practice law and a Florida Bar number, upon demonstration of legal competence and
187  ethical suitability through alternative, non-traditional means.

188  C. Order the Defendant to develop and implement alternative measures that permit competent
189  individuals to enter the legal profession without unnecessary and burdensome barriers, in a
190  manner consistent with constitutional principles.

191  D. Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. §
192  1988 and any other applicable provisions of law.

193  E. Grant such other and further relief as the Court deems just, equitable, and proper under the
194  circumstances.

195  VII. Jury Demand

196  Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to
197  Rule 38 of the Federal Rules of Civil Procedure.

198  ───────────────────────────────────────────────
199
200
201
202
203

Dated: October 21, 2024

Respectfully submitted,

*[signature]*

Robert A. Pietz

5937 NW 56th Pl

Tamarac FL 33319

954-609-6679

robert@pietzenterprises.com

Pro Se Plaintiff

Verification

I, Robert A. Pietz, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: October 21, 2024

*[signature]*

Robert A. Pietz

**Pro Se Plaintiff**